**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHERYL L. TITUS, on behalf of N.M.C.,**

                         **Plaintiff,**

   vs.                                              **3:12-cv-1056
                                                           (MAD/VEB)**

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security,**

                         **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **LEVENE, GOULDIN & THOMPSON, LLP**<br>71 State Street<br>Binghamton, New York 13901<br>Attorneys for Plaintiff | **GARY C. TYLER, ESQ.** |
| **HINMAN, HOWARD & KATTELL, LLP**<br>80 Exchange Street<br>700 Security Mutual Building<br>Binghamton, New York 13902<br>Attorneys for Plaintiff | **JACQUELINE A. BAIN, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **ANDREEA L. LECHLEITNER, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Plaintiff Cheryl L. Titus, the mother and natural guardian of N.M.C. ("Claimant"), brought

this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the

Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits

under the Social Security Act. Presently before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 9, 13. This matter was referred to United States Magistrate Judge Victor E. Bianchini for a Report and Recommendation pursuant to 28 U.S.C. 636(b) and Local Rule 72.3(d).

In January of 2006, Plaintiff filed an application for SSI benefits on Claimant's behalf, alleging a disability beginning January 15, 2004. *See* Dkt. No. 7 at 48-50.[1] On May 20, 2008, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. *See id.* at 19-32. On November 28, 2008, the ALJ's opinion became a final determination of the Commissioner, when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision. *See id.* at 12-15.

On January 27, 2009, Plaintiff commenced an action on Claimant's behalf seeking review of the Commissioner's decision. On July 6, 2010, Magistrate Judge Bianchini issued a Report and Recommendation, wherein a remand for further administrative proceedings and additional development of the record was recommended. This Report and Recommendation was adopted in its entirety in a Decision and Order by the Honorable Glenn T. Suddaby, United States District Judge, on August 20, 2010. *See* Dkt. No. 7-1 at 47-63.

Plaintiff filed a second application for benefits on April 20, 2009, and the Appeals Council directed the ALJ to consolidate the second application with the remanded claim. *See id.* at 68, 74-76. On January 11, 2011 the ALJ issued a decision denying Plaintiff's applications for benefits. *See id.* at 1-15. The ALJ's opinion became the final determination of the agency on May 2, 2012, when the Appeals Council denied Plaintiff's request for review. *See* Dkt. No. 7 at 292-94. Plaintiff commenced the instant action on June 29, 2012. *See* Dkt. No. 1. Plaintiff alleges that

---

[1] To avoid confusion, the Court refers to the page numbers assigned by the Electronic Case Filing system.

(1) the ALJ improperly discounted the opinions of the treating physician, (2) the ALJ improperly found that there is no disability within the meaning of the Social Security Act, (3) the ALJ failed to find severe limitations in areas of domain functioning, and (4) the Commissioner failed to direct remand. *See id.* at 2.

In a Report and Recommendation dated November 13, 2013, Magistrate Judge Bianchini concluded that "the ALJ should have afforded greater (and, indeed, controlling) weight to the assessments provided by Claimant's teachers, treating physician, and the consultative examiners, all of which indicated that Claimant had a marked limitation with respect to interacting with and relating to others." *See* Dkt. No. 18 at 15. As such, Magistrate Judge Bianchini recommended that the decision of the Commissioner be reversed and the case be remanded to the Commissioner for calculation of benefits. *See id.* at 17. Neither party has filed an objection to Magistrate Judge Bianchini's Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimant's eligibility; however, an Administrative Law Judge makes the actual disability determination. The decision of the ALJ is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587

(2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Bianchini's Report and Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Bianchini correctly determined that "the record contains persuasive proof of Claimant's marked limitation of functioning in at least two of the domains identified under 20 C.F.R. § 416.926a." *See* Dkt. No. 18 at 16. As such, the Court finds that Magistrate Judge Bianchini correctly determined that this matter should be remanded to the agency for the calculation of benefits.

Accordingly the Court hereby

**ORDERS** that Magistrate Judge Bianchini's November 13, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner for the calculation of benefits.

**IT IS SO ORDERED.**

Dated: March 6, 2014
      Albany, New York

*Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge