**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHERYL L. TITUS, on behalf of N.M.C.,**

                              **Plaintiff,**

     vs.                                            3:12-cv-1056
                                                          (MAD/VEB)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**HINMAN, HOWARD & KATTELL, LLP**     **BRENT M. WHITING, ESQ.**
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **ANDREEA L. LECHLEITNER, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is a motion brought by Plaintiff Cheryl L. Titus, the mother and natural guardian of N.M.C. ("Claimant"), for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 25. Defendant does not oppose the motion.

### II. BACKGROUND

In January of 2006, Plaintiff filed an initial application for supplemental security income benefits on Claimant's behalf, alleging a disability beginning January 15, 2004. *See* Dkt. No. 7 at 48-50.[1] On May 20, 2008, the Administrative Law Judge ("ALJ") concluded that Claimant was not disabled within the meaning of the Social Security Act. *See id.* at 19-32. On November 28, 2008, the ALJ's opinion on the initial application became a final determination of the Commissioner, when the Social Security Administration Appeals Council denied Plaintiff's request for review of that decision. *See id.* at 12-15.

On January 27, 2009, Plaintiff commenced an action on Claimant's behalf seeking review of the Commissioner's decision on Plaintiff's initial application. On July 6, 2010, Magistrate Judge Victor E. Bianchini issued a Report and Recommendation, wherein a remand for further administrative proceedings and additional development of the record was recommended. This Report and Recommendation was adopted in its entirety in a Decision and Order by the Honorable Glenn T. Suddaby, United States District Judge, on August 20, 2010. *See* Dkt. No. 7-1 at 47-63.

Plaintiff filed a second application for benefits on April 20, 2009, and the Appeals Council thereafter directed the ALJ to consolidate the second application with the remanded initial application. *See id.* at 68, 74-76. On January 11, 2011 the ALJ issued a decision denying Plaintiff's consolidated applications for benefits. *See id.* at 1-15. The ALJ's opinion became the final determination of the agency on May 2, 2012, when the Appeals Council denied Plaintiff's request for review. *See* Dkt. No. 7 at 292-94.

Plaintiff commenced the instant action on June 29, 2012, alleging that (1) the ALJ improperly discounted the opinions of the treating physician, (2) the ALJ improperly found that

---

[1] To avoid confusion, the Court refers to the page numbers assigned by the Electronic Case Filing system.

there is no disability within the meaning of the Social Security Act, (3) the ALJ failed to find severe limitations in areas of domain functioning, and (4) the Commissioner failed to direct remand. *See* Dkt. No. at 2. In a Report and Recommendation dated November 13, 2013, Magistrate Judge Bianchini concluded that "the ALJ should have afforded greater (and, indeed, controlling) weight to the assessments provided by Claimant's teachers, treating physician, and the consultative examiners, all of which indicated that Claimant had a marked limitation with respect to interacting with and relating to others." Dkt. No. 18 at 15. As such, Magistrate Judge Bianchini recommended that the decision of the Commissioner be reversed and the case be remanded to the Commissioner for calculation of benefits. *See id.* at 17. On March 6, 2014, this Court adopted the Report and Recommendation and remanded the case for further proceedings. Dkt. No. 19. On April 4, 2013, Plaintiff timely filed the instant motion seeking attorney's fees in the sum of $17,190.00. *See* Dkt. No. 21.

## III. DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A). In order for a party to be awarded attorney's fees under the EAJA, the plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See id.* § 2412(d)(1)(B). Specifically, the EAJA allows for "reasonable attorney fees." *Id.* § 2412(d)(2)(A). A district court has broad discretion when determining the reasonableness of

3

attorney's fees and may make appropriate reductions to the fee requested as necessary. *See Walker v. Astrue*, No. 04-CV-891, 2008 WL 4693354, *5 (N.D.N.Y. Oct. 23, 2008) (citing *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006)).

"The starting point for [a] fee determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y.1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In making this determination, the district court should exclude hours that are not 'reasonably expended,' *i.e.*, hours that are excessive, redundant or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434). As the Supreme Court explained in *Hensley v. Eckerhart*: "billing judgment is an important component in fee setting . . . . Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). "Section 2412(d)(2)(A) dictates that 'attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Goncalves ex. rel. C.A. v. Colvin*, No. 5:12-cv-1073, 2014 WL 1451749, *1 n.5 (N.D.N.Y. Apr. 14, 2014).

In this case, Plaintiff claims that an EAJA award is available as: (1) Plaintiff was a "prevailing party" in a case against the government; (2) Plaintiff is eligible to receive an award because her net worth did not exceed $2,000,000 at the time the action was filed; (3) her fee request is reasonable; and (4) the position of the United States was not substantially justified. Dkt. No. 21-5. The Commissioner does not oppose Plaintiff's fee application.

Plaintiff requests an award in the amount of $17,190.00 for 84.4 hours of attorney work. There is no dispute regarding the fact that Plaintiff is a "prevailing party" under the EAJA by

virtue of the Court's decision adopting Magistrate Judge Bianchini's Report and Recommendation, and that she is eligible to receive an award. The Commissioner has not opposed Plaintiff's request and therefore does not argue that its position was "substantially justified." Thus, the issues before the Court are (1) the reasonableness of the hourly rates sought – here, $200 per hour for all work, regardless of the year in which it was performed – and; (2) whether the number of hours charged is excessive or unreasonable – here, 84.4 hours for work at the district court level on both the initial and second application.

In the Second Circuit, various methods for calculating an adjusted cost of living increase over the EAJA statutory base rate of $125 are allowed by 28 U.S.C. § 2412(d)(2)(A). *See also Harris v. Sullivan*, 968 F.2d 263 (2d Cir. 1992). In the present matter, Plaintiff's fee request is based upon an hourly rate of $200 per hour, "which is based upon [counsel's] experience in representing claimants in these cases, as well as the average fee for individuals in Federal Court litigation in the greater Binghamton area." Dkt. No. 21-5 ¶ 13. Since counsel for Plaintiff does not describe any particular expertise relevant to their representation of this plaintiff, or substantiate their claim that the requested rate is an average for litigants in the greater Binghamton area, the Court is unpersuaded that a rate of $200 per hour is appropriate. Based upon the hourly rates approved by courts in this district for the years in which counsel for Plaintiff performed work in this matter (*i.e.*, 2008 through 2014),[2] the Court finds an average rate of $190 per hour to be reasonable.

When assessing whether to award attorney's fees to a prevailing party, a court has broad discretion to determine whether the amount of time an attorney has expended is reasonable.

---

[2] *E.g.*, *Mirabito v. Commissioner of Social Sec.*, No. 5:13-CV-0462, 2014 WL 1341928 (N.D.N.Y. Apr. 4, 2014) ($192.29 for work performed in 2013 and 2014); *Mills v. Colvin*, No. 5:11-cv-955, 2013 WL 1499606 (N.D.N.Y. Apr. 11, 2013) ($185.04 for work performed in 2011, $187.87 for work performed in 2012 and 2013).

*Crudele v. Chater*, No. 92 CIV. 7912, 1997 WL 198076, *5 (S.D.N.Y. Apr. 23, 1997) (citing *Aston v. Sec'y of Health and Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986)). The specific facts of each case determine what fee is appropriate. *Ferguson v. Apfel*, No. Civ.A. CV-98-3728, 2000 WL 709018, *2 (E.D.N.Y. Apr. 17, 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). District courts in the Second Circuit have held that, on average, an attorney spends twenty to forty hours on routine social security cases. *Cruz v. Apfel,* 48 F. Supp. 2d 226, 231 (E.D.N.Y. 1999); *see also Grey v. Chater,* No. 95 CIV. 8847, 1997 WL 12806, *2 (S.D.N.Y. Jan. 14, 1997); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). Attorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award. *Hinton v. Sullivan*, No. 84 Civ. 9276, 1991 WL 123960, *5 (S.D.N.Y. July 2, 1991); *see also Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (holding that case involving a brain tumor near the plaintiff's pituitary gland that affected hormone production and body functions was an unusual and complex matter). When deciding what amount is appropriate, the court will not compensate or penalize counsel for her expertise. *See Laguna v. Sec'y of Dep't of Health and Human Servs.*, No. CV-90-2638, 1992 WL 179215, *4 (E.D.N.Y. July 13, 1992). In certain instances, reductions in billing entries are necessary. *See Colegrove v. Barnhart,* 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006) (holding that a reduction was necessary when a number of entries were billed in quarter-hour time increments for tasks that seemingly would not take a full fifteen minutes (i.e., enclosure letters, receipt and review of simple Orders from the Court and letters for extensions of time)). Courts may also reduce entries if the number of hours spent on a task are excessive or if entries relate to clerical tasks. *See Greenridge v. Barnhart*, No. 6:04-CV-0379, 2005 WL 357318, *4 (N.D.N.Y. Feb. 11, 2005)*; see also Destefano v. Astrue*, No. 05-CV-3534, 2008 WL 623197, *3 (E.D.N.Y. Mar. 4, 2008).

6

Moreover, time may be reduced when billing entries are less than precise. *Destefano*, 2008 WL 623197, at *3 n.5.

In this case, Plaintiff's counsel seeks an award based upon 84.4 hours for representation of Plaintiff between June 2008 and April 2014, which largely consisted of a reasonable amount of time conducting research, drafting memoranda, and reviewing documents. After reviewing the administrative record, the papers submitted and the history of the case, the Court concludes that the hours are reasonable. Plaintiff's fee application seeks reimbursement for work on appeals of two separate applications for benefits, which were eventually consolidated by the Commission following remand of the initial application, over a six year period. As such, Plaintiff's fee request is at the high end the range of presumptive reasonableness for Social Security appeals in this district (*i.e.*, 40 hours x 2 appeals = 80 hours).

Finally, the Court finds that the sought after costs in the amount of $350.00 are reasonable and will be included in the instant award. *See* 28 U.S.C. § 2412(d)(1)(A).

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion (Dkt. No. 21) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED in part** in the amount of $16,386.00, payable to Plaintiff.

**IT IS SO ORDERED.**

Dated: July 17, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge